SCHIFF HARDIN LLP
Stephen M. Hankins (SBN 154886)
Jean H. Hurricane (SBN 175628)
Sarah D. Youngblood (SBN 244304)
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA  94105
Telephone:      (415) 901-8700
Facsimile:       (415) 901-8701

Attorneys for Defendants
OWENS-BROCKWAY GLASS CONTAINER,
INC. and TYLOR YOUNG

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN ARMATIS,<br><br>            Plaintiff,<br><br>      v.<br><br>OWENS-BROCKWAY GLASS<br>CONTAINER INC., and TYLOR<br>YOUNG,<br><br>            Defendants. | Case No.  2-08-CV-2538<br><br>**STIPULATION AND PROTECTIVE ORDER RE SITE INSPECTION** |

1.     **Scope**

        a.      This Stipulation and Protective Order ("Order") shall pertain to the site

inspection of defendant Owens-Brockway Glass Container Inc.'s bottle manufacturing plant

located in Tracy, California ("Tracy Plant"),  which is scheduled to take place on January 6, 2010.

        b.      Plaintiff Robin Armatis has noticed a site inspection and requested access

for plaintiff, her attorney, an employee of her attorney, a photographer, and her consultant to

certain nonpublic areas at the Tracy Plant for the purpose of viewing, photographing, videotaping,

measuring, and testing the area where the subject incident occurred, the pathway along which the

forklift in question was traveling in the moments leading up to the incident in question, and the

PDF created with pdfFactory trial version www.pdffactory.com

1   forklift in question. (See Exhibit A, Notice of Inspection). Collectively, plaintiff and her

2   representatives shall be referred to herein as "Plaintiff."

3          c.      The Tracy Plant contains many confidential and proprietary manufacturing,

4   bottling, and shipping processes and has an established "no photograph" policy.

5          d.      Good cause exists to limit: (1) Plaintiff access to the Tracy Plant solely to

6   area commonly known as the road between B-Furnace and C-Furnace where the incident

7   occurred ("Incident Area"), (2) the taking of photographs, video, and measurements of the Tracy

8   Plant to the Incident Area; and (3) the use of any photographs, video, measurements, or

9   documentation of the Tracy Plant and the Incident Area for the purpose of this litigation.

10         **2.      Plaintiff's access to the Tracy Plant.**

11         Plaintiff's access to the Tracy Plant will be limited to the Incident Area. Plaintiff will be

12  escorted by an Owens representative from the guard house promptly from 9:00 a.m. to the

13  Incident Area. Plaintiff may be taken through other areas of the plant in order to get to the

14  Incident Area. At no time shall Plaintiff take any photographs, video, measurements, or notes

15  pertaining to areas outside of the Incident Area. Plaintiff agrees to produce all photographs and

16  video taken during the inspection to Defendant's counsel for receipt by 5:00 p.m., Thursday,

17  January 7, 2010.

18         **3.      Limitations on Inspection and Testing.**

19         Once Plaintiff has arrived at the Incident Area, plaintiff may take photographs, video,

20  measurements, and notes of the Incident Area. Plaintiff will not be provided access to enter into

21  B-Furnace or C-Furnace or any other buildings, other than so far as to reasonably film the path of

22  travel of the lift as it exited the B-Furnace building. Plaintiff's inspection shall be concluded

23  promptly at 10:30 a.m., which means that they must be off the Tracy Plant grounds by 10:30 a.m.

24  Therefore, it is recommended that Plaintiff conclude its inspection by 10:15 a.m. to take into

25  consideration any packing of equipment that must take place so that they can be off the premises

26  of the Tracy Plant by 10:30 a.m.

27         **4.      Confidential Documents.**

28         "Confidential Documents" include any photographs, video, measurements, notes and

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

PDF created with pdfFactory trial version www.pdffactory.com

1    other documentation of the Tracy Plant and the Incident Area taken or recorded by Plaintiff.

2        **5.        Use and Dissemination of Confidential Documents.**

3        Any Confidential Documents shall be marked as "Confidential – For Litigation Purposes

4    Only."  Confidential Information shall only be used in conducting or defending this Litigation,

5    and shall not be used for any business, competitive, personal, private, public, or organizational

6    purposes.  While the parties agree that this order shall apply to all parties, there should be nothing

7    to prevent Owens from using information for the conduct of their business.

8        **6.        Producing Confidential Information in Discovery**

9            a.        Confidential Information may be produced during deposition and shall

10    have the designation "Confidential – For Litigation Purposes Only" indicated on any exhibit

11    before it is introduced in the deposition.

12            b.        Any Confidential Information that have been marked as exhibits to the

13    deposition shall be treated as Confidential Information under this Order. The following legend

14    shall be placed on the front of the original and each copy of the depositions transcript containing

15    Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION."  When a

16    deposition transcript contains Confidential Information, the Producing Party shall request the

17    stenographic reporter to separate those exhibits containing confidential information and bind them

18    separately from the non-confidential portions.  This separate binding shall be at the requesting

19    party's expense.

20        **7.        Filing of Confidential Information**

21        All documents and materials containing Confidential Information that are filed with the

22    Court shall be filed under seal pursuant to the following procedures:

23            a.        Confidential Information filed under seal shall be placed in sealed

24    envelopes on which it shall be endorsed with the title to this Litigation, the words "FILED

25    UNDER SEAL," and a statement substantially in the following form: "This envelope is sealed

26    pursuant to order of the Court and contains Confidential Information filed in this case by [name

27    of Party] and is not to be opened or the contents thereof to be displayed or revealed to any non-

28    Court personnel except by order of the Court."

PDF created with pdfFactory trial version www.pdffactory.com

b.      The envelope shall not be opened without further order of the Court except by persons authorized to have access to such materials pursuant to paragraph 8, as applicable, who shall return the information to the Clerk in a sealed envelope. Any envelope containing Confidential Information filed under seal that is an exhibit to a pleading shall also bear the name of the pleading. A full and unredacted copy of any such submission shall be provided directly to chambers, marked "Chambers Copy" and "Contains Confidential Information Subject to a Protective Order."

c.      Within three (3) business days of filing Confidential Information, the submitting party shall file with the Court, for its public file, a copy of the submitted materials with the Confidential Information redacted. Any Confidential Information produced by third parties pursuant to this Order shall also be redacted from this public filing.

d.      If any party objects to identified portions of the materials remaining under seal, it shall state its objections in a faxed or electronically delivered letter to counsel for all parties in this Litigation. The interested parties shall promptly meet and confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution. A revised public filing, if any, of that submission shall be made by the submitting party within six business days after the Court's decision resolving that dispute.

**8.      Disclosure of Confidential Information**

Access to information designated as "CONFIDENTIAL" pursuant to this Order shall be limited to:

a.      The Court or any other court exercising jurisdiction with respect to this Litigation, Court personnel, jurors, and qualified persons (including necessary clerical personnel) records, taking or transcribing testimony and argument at any deposition, hearing, trial or appeal in this Litigation;

b.      Mediators or other individuals engaged or consulted in settlement of this Litigation, but only after such persons execute the Acknowledgement and Agreement to be Bound by Protective Order, attached hereto as Exhibit B;

PDF created with pdfFactory trial version www.pdffactory.com

c.      Outside counsel of record for the parties in this Litigation (including members or associates of such counsel's firm) or in-house counsel for the parties, as well as their paralegal, investigative, secretarial, and clerical personnel who are engaged in assisting such counsel in this Litigation, but only after such persons execute the Acknowledgment and Agreement to be Bound by Protective Order, attached hereto as Exhibit B;

d.      Outside photocopying, data processing, or graphic production services employed by the parties or their counsel of record to assist in this Litigation, but only after such persons execute the Acknowledgment and Agreement to be Bound by Protective Order, attached hereto as Exhibit B;

e.      Any expert witness retained by a party to give testimony in the Litigation or to assist counsel of record in the prosecution or defense of this Litigation, provided, however, that such witness executes, in advance, the Acknowledgment and Agreement to be Bound by Protective Order, attached hereto as Exhibit B.  No disclosure shall be made to any expert or consultant who is employed by a competitor of Owens;

f.      Any person who: (i) authored or is listed as a recipient of the particular material sought to be disclosed to that person; (ii) is currently employed by the Producing Party, but only as to Confidential Information to which the employee is lawfully entitled, to have access in connection with his or her employment; (iii) was formerly employed by the Producing Party, but only as to specific material to which the person had access during his/her employment; and

g.      Any other person to whom the Producing Party agrees in writing or on the record in advance of the disclosure or the Court directs should have access.

**9.      Custody of Acknowledgment and Agreement to be Bound by Protective Order.**

Plaintiff counsel shall keep originals of every Acknowledgment and Agreement to be Bound by Protective Order executed pursuant to this Order.

**10.      Return or Destruction of Materials**

Within sixty (60) business days after the final resolution of this Litigation, all Confidential Information and negatives shall be given to Owens or plaintiff shall certify in writing that all such

PDF created with pdfFactory trial version www.pdffactory.com

1   information has been destroyed.

2          **11.    No Admission**

3        A party's compliance with the terms of this Order shall not operate as an admission that

4   any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence

5   at trial.

6          **12.    Continuing Force of this Order**

7        Upon final resolution of this Litigation, the provisions of this Order shall continue to be

8   binding. This Court expressly retains jurisdiction over enforcement of the provisions of this Order

9   following the final resolution of this Litigation.

10         **13.    Modification of Order**

11       This Order is binding on all parties to this Litigation and on all other parties who have

12  received Confidential Information pursuant to this Order, and shall remain in full force and effect

13  until modified, superseded, or terminated by further order of the Court.

14       The Court may modify the terms and, conditions of this Order for good cause, or in the

15  interest of justice, or on its own order at any time in these proceedings.

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATION AND PROTECTIVE ORDER RE SITE INSPECTION

PDF created with pdfFactory trial version www.pdffactory.com

1
2
Dated: January  4, 2010                        SCHIFF HARDIN LLP

3                                              By:/s/ Stephen M. Hankins
                                                  Stephen M. Hankins
4                                                 Attorneys for Defendants
                                                  OWENS-BROCKWAY GLASS
5                                                 CONTAINER INC. and TYLOR YOUNG

6    Dated: January 5, 2010                    DREYER, BABICH, BUCCOLA &
                                               CALLAHAM, LLP
7

8                                              By:Craig C. Sheffer
                                                  Craig C. Sheffer, Esq.
9                                                 Attorney for Plaintiff
                                                  ROBIN ARMATIS
10
          IT IS SO ORDERED.
11
     Dated: January 11, 2010
12

13

14                                             LAWRENCE K.  KARLTON
                                               SENIOR JUDGE
15                                             UNITED STATES DISTRICT COURT

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND PROTECTIVE ORDER RE SITE INSPECTION

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PDF created with pdfFactory trial version www.pdffactory.com

1

**<u>Certificate of Service</u>**

2

The undersigned hereby certifies that all counsel of record who are deemed to have

3

consented to electronic service are being served this 5th day of January, 2010 with a copy of this

4

document via the Court's CM/ECF system. I certify that all parties in this case that have made an

5

appearance to date are represented by counsel who are CM/ECF participants.

6

7

8

By _____

Sarah D. Youngblood

9

SF\9530966.1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -

STIPULATION AND PROTECTIVE ORDER RE SITE INSPECTION

PDF created with pdfFactory trial version www.pdffactory.com