1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   ROBIN ARMATIS,

11          Plaintiffs,
                                       NO. CIV. S-08-2538 LKK/EFB
12       v.

13   OWENS-BROCKWAY GLASS
     CONTAINER, INC., and
14   TYLOR YOUNG,                           O R D E R

15          Defendants.
     _____/
16

17       The court is in receipt of a letter, filed through the

18   electronic filing system, in which plaintiff asks "whether treating

19   physicians, who are not 'retained or specifically employed to

20   provide expert testimony in the case' (FRCP 26(a)(2)(B)) will be

21   required to furnish a written report at the time of disclosure."

22   (emphasis in original).

23       As the language quoted by plaintiff makes clear, Fed. R. Civ.

24   P. 26(a)(2)(B) does not require an expert report for all witnesses

25   who provide expert testimony.  Instead, a report is required only

26   for witnesses "retained or specifically employed to provide" expert

                                    1

testimony.  The advisory committee note on this section explains that because of the narrow scope of this requirement, "A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report."

In light of this language, several courts have held that while a treating physician must be disclosed as an expert, the treating physician need not provide an expert report.  <u>Watson v. United States</u>, 485 F.3d 1100, 1107 (10th Cir. 2007), <u>Fielden v. CSX Transp. Inc.</u>, 482 F.3d 866, 869-70 (6th Cir. 2007).  The Ninth Circuit has not ruled on this issue, although it noted the "treating physician" exception in passing in <u>Torres v. City of L.A.</u>, 548 F.3d 1197, 1213 (9th Cir. 2008) (distinguishing <u>Patel v. Gayes</u>, 984 F.2d 214, 218 (7th Cir. 1993)).  The court follows the Tenth and Sixth Circuits in recognizing a "treating physician" exception to the requirements of Fed. R. Civ. P. 26(a)(2)(B).

This exception is limited, however, in that a treating physician must provide a report detailing any opinions that are formed in connection with the case, rather than with prior treatment.  As recently explained by a court in the District of Arizona:

> A treating physician is an expert and to the extent he or she treated the plaintiff, diagnosed the conditions and reached a prognosis, that testimony is not testimony for which the expert has been specially retained. But once the lawyer for the claimant undertakes to elicit an opinion whether a particular traumatic event caused the condition as opposed to another cause, the expert has been transformed into the same type of expert envisioned by the report

1               requirement.   Of course, if the treatment
              protocol necessarily called upon the physician
2               to opine on causation then the opinion should
              be admissible without the necessity of a
3               report.

4 <u>Goodman v. Staples the Office Store, LLC</u>, No. CV 08-0445, 2009 U.S.

5 Dist. LEXIS 115167, *16-17 (D. Ariz. Dec. 9, 2009).   Although the

6 court is not aware of an appellate decision addressing this view,

7 several Courts of Appeal have acknowledged the weight of district

8 court authority behind it.   <u>Fielden</u>, 482 F.3d at 870-71 (stating

9 that even if this rule applied, expert testimony at issue would be

10 permitted), <u>Musser v. Gentiva Health Servs.</u>, 356 F.3d 751, 757, 758

11 n.3 (7th Cir. 2004) (leaving the question undecided because

12 treating physician's expert testimony excluded for failure to

13 disclose physician under Fed. R. Civ. P. 26(a)(2)(A)).

14       Thus, a treating physician must be disclosed as an expert.

15 If the physician will provide expert testimony regarding opinions

16 formed other than in the scope of treatment, an expert report is

17 required.   If not, no expert report is necessary.

18       IT IS SO ORDERED.

19       DATED:   January 14, 2010.

20

21

22                                LAWRENCE K. KARLTON
                               SENIOR JUDGE
23                                UNITED STATES DISTRICT COURT

24

25

26