SCHIFF HARDIN LLP
Stephen M. Hankins (SBN 154886)
Jean H. Hurricane (SBN 175628)
Sarah D. Youngblood (SBN 244304)
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA  94105
Telephone:     (415) 901-8700
Facsimile:      (415) 901-8701

Attorneys for Defendants
OWENS-BROCKWAY GLASS CONTAINER
INC. and TYLOR YOUNG

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN ARMATIS,<br><br>           Plaintiff,<br><br>v.<br><br>OWENS-BROCKWAY GLASS CONTAINER INC., and TYLOR YOUNG,<br><br>           Defendants. | Case No.  2-08-CV-2538<br><br>**STIPULATION AND PROTECTIVE ORDER RE TYLOR YOUNG'S PERSONNEL RECORDS AND OWENS' CONFIDENTIAL AND PROPRIETARY INFORMATION** |

**1.   Scope**

   a.   This Stipulation and Protective Order ("Order") shall pertain to Defendant Tylor Young's ("Young") personnel and employment records kept by defendant Owens-Brockway Glass Container Inc. ("Owens") and to Owens' confidential and proprietary information, both of which have been requested by plaintiff in discovery.

   b.   Good cause exists to limit the disclosure and use of the records involving Owens' proprietary and confidential information and the nonpublic personnel file of Mr. Young (which includes both financial and personal data of Mr. Young) for the sole purpose of litigating the lawsuit above ("Litigation").

PDF created with pdfFactory trial version www.pdffactory.com

**2.     Use and Dissemination of Confidential Documents.**

Mr. Young's personnel file and Owens' proprietary and confidential information ("herein referred to as "Confidential Information") shall be marked as "Confidential – For Litigation Purposes Only." Confidential Information shall only be used in conducting or defending this Litigation, and shall not be used for any other purpose.

**3.     Producing Confidential Information in Discovery**

a.     Confidential Information may be produced during deposition and shall have the designation "Confidential – For Litigation Purposes Only" indicated on any exhibit before it is introduced in the deposition.

b.     Any Confidential Information that have been marked as exhibits to the deposition shall be treated as Confidential Information under this Order. The following legend shall be placed on the front of the original and each copy of the depositions transcript containing Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION."  When a deposition transcript contains Confidential Information, the Producing Party shall request the stenographic reporter to separate those exhibits containing confidential information and bind them separately from the non-confidential portions.  This separate binding shall be at the requesting party's expense.

**4.     Filing of Confidential Information**

All documents and materials containing Confidential Information that are filed with the Court shall be filed under seal pursuant to the following procedures:

a.     Confidential Information filed under seal shall be placed in sealed envelopes on which it shall be endorsed with the title to this Litigation, the words "FILED UNDER SEAL," and a statement substantially in the following form: "This envelope is sealed pursuant to order of the Court and contains Confidential Information filed in this case by [name of Party] and is not to be opened or the contents thereof to be displayed or revealed to any non-Court personnel except by order of the Court."

b.     The envelope shall not be opened without further order of the Court except by persons authorized to have access to such materials pursuant to paragraph 8, as applicable,

PDF created with pdfFactory trial version www.pdffactory.com

who shall return the information to the Clerk in a sealed envelope. Any envelope containing Confidential Information filed under seal that is an exhibit to a pleading shall also bear the name of the pleading. A full and unredacted copy of any such submission shall be provided directly to chambers, marked "Chambers Copy" and "Contains Confidential Information Subject to a Protective Order."

    c.    Within three (3) business days of filing Confidential Information, the submitting party shall file with the Court, for its public file, a copy of the submitted materials with the Confidential Information redacted. Any Confidential Information produced by third parties pursuant to this Order shall also be redacted from this public filing.

    d.    If any party objects to identified portions of the materials remaining under seal, it shall state its objections in a faxed or electronically delivered letter to counsel for all parties in this Litigation. The interested parties shall promptly meet and confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution. A revised public filing, if any, of that submission shall be made by the submitting party within six business days after the Court's decision resolving that dispute.

**5.    Disclosure of Confidential Information**

Access to information designated as "CONFIDENTIAL" pursuant to this Order shall be limited to:

    a.    The Court or any other court exercising jurisdiction with respect to this Litigation, Court personnel, jurors, and qualified persons (including necessary clerical personnel) records, taking or transcribing testimony and argument at any deposition, hearing, trial or appeal in this Litigation;

    b.    Mediators or other individuals engaged or consulted in settlement of this Litigation, but only after such persons execute the Acknowledgement and Agreement to be Bound by Protective Order, attached hereto as Exhibit A;

    c.    Outside counsel of record for the parties in this Litigation (including members or associates of such counsel's firm) or in-house counsel for the parties, as well as their paralegal, investigative, secretarial, and clerical personnel who are engaged in assisting such

- 3 -

PDF created with pdfFactory trial version www.pdffactory.com

counsel in this Litigation, but only after such persons execute the Acknowledgment and Agreement to be Bound by Protective Order, attached hereto as Exhibit A;

   d. Outside photocopying, data processing, or graphic production services employed by the parties or their counsel of record to assist in this Litigation, but only after such persons execute the Acknowledgment and Agreement to be Bound by Protective Order, attached hereto as Exhibit A;

   e. Any expert witness retained by a party to give testimony in the Litigation or to assist counsel of record in the prosecution or defense of this Litigation, provided, however, that such witness executes, in advance, the Acknowledgment and Agreement to be Bound by Protective Order, attached hereto as Exhibit A.  No disclosure shall be made to any expert or consultant who is employed by a competitor of Owens;

   f. Any person who: (i) authored or is listed as a recipient of the particular material sought to be disclosed to that person; (ii) is currently employed by the Producing Party, but only as to Confidential Information to which the employee is lawfully entitled, to have access in connection with his or her employment; (iii) was formerly employed by the Producing Party, but only as to specific material to which the person had access during his/her employment; and

   g. Any other person to whom the Producing Party agrees in writing or on the record in advance of the disclosure or the Court directs should have access.

**6. Custody of Acknowledgment and Agreement to be Bound by Protective Order.**

Plaintiff counsel shall keep originals of every Acknowledgment and Agreement to be Bound by Protective Order executed pursuant to this Order.

**7. Return or Destruction of Materials**

Within sixty (60) business days after the final resolution of this Litigation, all Confidential Information and negatives shall be given to Owens or plaintiff shall certify in writing that all such information has been destroyed.

**8. No Admission**

A party's compliance with the terms of this Order shall not operate as an admission that

- 4 -

PDF created with pdfFactory trial version www.pdffactory.com

any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

### 9. Continuing Force of this Order

Upon final resolution of this Litigation, the provisions of this Order shall continue to be binding. This Court expressly retains jurisdiction over enforcement of the provisions of this Order following the final resolution of this Litigation.

### 10. Modification of Order

This Order is binding on all parties to this Litigation and on all other parties who have received Confidential Information pursuant to this Order, and shall remain in full force and effect until modified, superseded, or terminated by further order of the Court.

The Court may modify the terms and, conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATION AND PROTECTIVE ORDER RE TYLOR YOUNG'S PERSONNEL RECORDS AND OWENS' CONFIDENTIAL AND PROPRIETARY INFORMATION

PDF created with pdfFactory trial version www.pdffactory.com

| | |
|---|---|
| Dated: January 20, 2010 | SCHIFF HARDIN LLP |
| | By:/s/ Jean Hurricane |
| | Jean Hurricane<br>Attorneys for Defendants<br>OWENS-BROCKWAY GLASS<br>CONTAINER INC. and TYLOR YOUNG |
| Dated: January 20, 2010 | DREYER, BABICH, BUCCOLA & CALLAHAM, LLP |
| | By:/s/ Craig C. Sheffer |
| | Craig C. Sheffer, Esq.<br>Attorney for Plaintiff<br>ROBIN ARMATIS |

IT IS SO ORDERED.

Dated: January 22, 2010

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

PDF created with pdfFactory trial version www.pdffactory.com

**Certificate of Service**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 20th day of January, 2010 with a copy of this document via the Court's CM/ECF system. I certify that all parties in this case that have made an appearance to date are represented by counsel who are CM/ECF participants.

By _____
Sarah D. Youngblood

SF\9546189.1

- 7 -

STIPULATION AND PROTECTIVE ORDER RE TYLOR YOUNG'S PERSONNEL RECORDS AND OWENS' CONFIDENTIAL AND PROPRIETARY INFORMATION

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PDF created with pdfFactory trial version www.pdffactory.com